UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE HIGHLANDS NORTH CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff The Highlands North Condominium Association (the "Association") alleges as follows:

## I. INTRODUCTION

1.1 This is an action for declaratory judgment, breach of contract, CPA violations, IFCA violations, and monetary damages, seeking:

(A) A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Allstate Insurance Company ("Allstate") insurance policies issued to the Association. The Association is seeking a ruling that Allstate's policies provide coverage for the damage at the Highlands North Condominium and that Allstate is liable for money damages for the cost of investigating and repairing the damage at the Highlands North Condominium.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

  (B) Damages for breach of contract, bad faith, violations of the Consumer Protection Act ("CPA") and violations of the Insurance Fair Conduct Act ("IFCA").

  (C) Attorneys' fees (including expert witness fees) and costs.

  (D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>.  The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Highlands North Condominium for the common enjoyment of the unit owners. The Highlands North Condominium consists of one residential building with a total of thirty-six units, located at 150 NE 95th Street, Seattle, Washington 98115.

2.2 <u>Allstate.</u>  Allstate Insurance Company ("Allstate") is incorporated under the laws of Illinois with its principal place of business in Northbrook, Illinois. Allstate is registered and authorized to sell insurance in the State of Washington.  Allstate sold property insurance policies to the Association. Allstate issued property insurance policies to the Association from at least 9/30/1985 to 9/30/2011. The policy numbers issued by the Allstate to the Association include but are not limited to 050 135835 (in effect from at least 09/30/1985 – 09/30/1987); 050 475549 (in effect from at least 09/30/1990 – 09/30/2007); and 050 009653 (in effect from at least 09/30/2007 – 09/30/2011). The policy(s) identify the Highlands North Condominium as covered property. Allstate is put on notice that the Association as part of this lawsuit is pursuing all Allstate property policies issued to the Association even if the specific policy number is not known to the Association/listed in this Complaint.

2.3 <u>DOE Insurance Companies 1-10.</u>  DOE Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Highlands North Condominium as covered property.

2.4 <u>The Allstate Insurers</u>. Allstate and DOE Insurance Companies 1-10 shall collectively be referred to as the "Allstate Insurers."

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

2.5     <u>The Allstate Policies</u>.  The policies issued to the Association by the Allstate Insurers shall be collectively referred to as the "Allstate Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Allstate Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Highlands North Insurers.</u> In October of 2018, the Association tendered claims to the Allstate Insurers. In its tender letters, the Association requested that the Allstate Insurers provide copies of all policies issued to the Association and that the Allstate Insurers investigate for hidden damage that may exist at the Highlands North Condominium.

4.3     <u>EA Investigation.</u>  Evolution Architecture ("EA") was retained by the Association to perform an intrusive investigation of the cladding on the exterior of the Highlands North Condominium (the "EA Investigation"). The EA Investigation identified hidden damage caused by water intrusion. The EA Investigation was conducted jointly with the Allstate Insurers and with the assistance of McBride Construction on April 23-24, 2019. EA prepared its findings of the EA Investigation in a July 1, 2019 Building Envelope Investigation Findings Report (the "EA Report"). The EA Report identifies hidden damage to the building paper, exterior sheathing, and framing in the exterior walls at the Highlands North Condominium. The loss or damage to the

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

Highlands North Condominium was determined to be incremental and progressive. It was also determined that new damage commenced during each year of the Allstate Policies. According to the Association's experts, the cost to repair covered damage is substantially greater than the jurisdictional limit of $75,000.

4.4   The Allstate Insurers denied coverage for the Association's claim on January 22, 2020. The Association sent Allstate a letter under the Insurance Fair Conduct Act in February 14, 2020 asking Allstate to cure its unreasonable. On March 4, 2020, Allstate transmitted a letter to the Association which stated that Allstate would not cure its unreasonable denial.

## V.   FIRST CLAIM AGAINST THE ALLSTATE INSURERS FOR DECLARATORY RELIEF THAT THE ALLSTATE POLICIES PROVIDE COVERAGE

5.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.3, above, as if fully set forth herein.

5.2   Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

   (A)   The Allstate Policies cover the damage to building paper, exterior sheathing, and framing at the Highlands North Condominium.

   (B)   No exclusions, conditions, or limitations bar coverage under the Allstate Policies.

   (C)   The loss or damage to the Highlands North Condominium was incremental and progressive. New damage commenced during each year of the Allstate Policies.

   (D)   As a result, the Allstate Policies cover the cost of investigating and repairing the building paper, exterior sheathing, and framing at the Highlands North Condominium.

## VI.   SECOND CLAIM AGAINST THE ALLSTATE INSURERS FOR BREACH OF CONTRACT

6.1   Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

6.2     The Allstate Insurers have contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Highlands North Condominium.

6.3     The Allstate Insurers breached contractual duties by wrongfully denying coverage on January 22, 2020 and by failing to pay the cost of repairing the covered damage to the Highlands North Condominium.

6.4     As a direct and proximate result of the Allstate Insurers' breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     <u>Additional Damages</u>. As a direct and proximate result of the Allstate Insurers' breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    <u>THIRD CLAIM AGAINST THE ALLSTATE INSURERS FOR INSURANCE BAD FAITH</u>

7.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

conducting a reasonable investigation or without having reasonable justification, fails to act in good faith.

7.4 The Allstate Insurers had a duty to investigate, evaluate, and decide the Association's claim in good faith. The Allstate Insurers breached its duty by unreasonably investigating, evaluating, and denying the claim by, among other things, failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Highlands North Condominium; that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); failing to acknowledge coverage for the concurrent combination of rain and inadequate construction under Allstate's policies, failing to acknowledge that there is coverage under the resulting loss provision in its policy; ignoring case law in the Western District of Washington that is directly contrary to the coverage positions taken by the Allstate Insurers; by misrepresenting the Association's maintenance history to its own benefit, and by failing to define key undefined terms it its policy in favor of the Association as required by Washington law. Instead, the Allstate Insurers unreasonably denied coverage for any and all hidden damage at the Highlands North Condominium. The Allstate Insurers' self-serving denial did not comport with Washington law or the plain meaning of its own policy language, and put the Allstate Insurers' financial interests ahead of the Association's to the Association's detriment.

7.5 A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. The Allstate Insurers' conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

- Which require the Allstate Insurers to provide a reasonable explanation of the relevant facts, law and policy language and how its policy language supported a denial of the Association's claim.
- Which require them to adopt and implement reasonable standards for the prompt investigation of claims.

7.6   The Allstate Insurers' actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of the Allstate Insurers' duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII. FOURTH CLAIM AGAINST THE ALLSTATE INSURERS FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2   Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of the Allstate Insurers was deceptive, impacted the public, and had the capacity to deceive.  The Association is a consumer.  As a direct and proximate result of the Allstate Insurers' violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX. FIFTH CLAIM AGAINST THE ALLSTATE INSURERS FOR VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT

9.1   <u>Incorporate by Reference.</u> The Association re-alleges and incorporates by reference paragraphs 1.1 through 8.2, above, as if fully set forth herein.

9.2   The Association is a first party claimant asserting a right to payment as a covered person under an insurance policy or insurance contract arising out of the occurrence of a contingency or loss covered by such a policy. The Allstate Insurers' denial of the Association's claim was

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

unreasonable. Pursuant to IFCA, the Association provided written notice to the Allstate Insurers of its IFCA cause of action and explained in detail why Allstate's coverage denial was unreasonable. Allstate failed to resolve the basis for the Association's IFCA claim within twenty (20) days of the Association's notice.

9.3  The Association has been injured by the Allstate Insurers' failure to cure the basis for the Association's IFCA claim. The Association is entitled to attorneys' fees and a discretionary award of enhanced damages that "increases the total award of damages to an amount not to exceed three times the actual damage."

## X.  PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

10.1  <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Allstate Policies provide coverage as described herein.

10.2  <u>Money Damages</u>. For money damages in an amount to be proven at trial.

10.3  <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees) and costs. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

10.4  <u>CPA Penalties</u>.  For CPA penalties against the Allstate Insurers of up to $25,000 per violation.

10.5  <u>Enhanced IFCA Damages</u>.  For a discretionary award of enhanced IFCA damages that "increase the total award of damages to an amount not to exceed three times the actual damage."

10.6  <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

## XI.  DEMAND FOR JURY TRIAL

11.1  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 9th day of March, 2020.

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

**STEIN, SUDWEEKS & STEIN, PLLC**

*/s/ Jerry H. Stein*
*/s/ Justin D. Sudweeks*
*/s/ Daniel Stein*
*/s/ Colin R. Crug*
Jerry H. Stein, WSBA 27721
Justin D. Sudweeks, WSBA 28755
Daniel J. Stein, WSBA 48739
Colin R. Crug, WSBA 52743
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jerry@condodefects.com
justin@condodefects.com
dstein@condodefects.com
colin@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, IFCA VIOLATIONS, CONSUMER PROTECTION ACT VIOLATIONS, AND MONETARY DAMAGES - 9

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660