THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| THE HIGHLANDS NORTH CONDOMINIUM ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | No. 2:20-cv-00375-BJP<br><br>DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT |

Allstate Insurance Company ("Allstate"), in answer to Plaintiff's Complaint for Declaratory Relief, Breach of Contract, Bad Faith, Insurance Fair Conduct Act Violations, Consumer Protection Act Violations, and Monetary Damages, admits, denies, and alleges as follows:

## I.     INTRODUCTION

1.1 (A) – (D)  Paragraph 1.1 (including each of its subparts) of the Complaint does not contain allegations of fact and, therefore, does not require a response. To the extent a

DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 1
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

response is required, Allstate denies the allegations in paragraph 1.1 including all subparts. Allstate denies further that Plaintiff is entitled to any relief.

## II.  PARTIES AND INSURANCE CONTRACTS

2.1   Upon information and belief, Allstate admits that Plaintiff is a non-profit corporation organized under the laws of the state of Washington and has its principal place of business in Seattle, Washington. Allstate admits that the Highlands North Condominium consists of one (1) residential building with a total of thirty-six (36) residential units located at 150 NE 95th Street in Seattle, Washington ("The Property"). Allstate further admits, upon information and belief, that Plaintiff has the duty to maintain the common elements and any limited common elements of The Property. Allstate is without information sufficient to form a belief about the truth of any remaining allegations in paragraph 2.1 and therefore denies them.

2.2   Allstate admits it is an Illinois corporation engaged in the business of insurance and it conducts business in the State of Washington. Allstate admits it sold insurance policy number 050 135 835 to Plaintiff in effect from September 30, 1985-September 30, 1987 and policy number 050 475 549 from September 30, 1990-September 30, 2006 using Allstate's Customizer policy forms and then from September 30, 2006-September 30, 2011 under policy number 050 009 653 using Allstate's Business Package policy forms, collectively referred to as "The Allstate Policies." Allstate is without sufficient information to form a belief about the truth of the remaining allegations in paragraph 2.2 and therefore denies them.

2.3   Paragraph 2.3 of the Complaint does not contain any allegations of fact and, therefore, does not require a response. To the extent a response is required, Allstate denies the allegations in paragraph 2.3 of the Complaint. Allstate specifically denies that there are

DEFENDANT ALLSTATE INSURANCE
COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 2
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

unidentified insurance entities, as the Plaintiff has provided Allstate with the names of its insurers and policies from other insurers dating to 1984.

2.4   Paragraph 2.4 of the Complaint does not contain any allegations of fact and, therefore, does not require a response.

2.5   Paragraph 2.5 of the Complaint does not contain any allegations of fact and, therefore, does not require a response.

### III.   JURISDICTION AND VENUE

3.1   Allstate admits that this Court has jurisdiction over this matter. Allstate is without sufficient information to form a belief about the truth of the remaining allegations in paragraph 3.1 and therefore denies them.

3.2   Allstate admits that venue properly lies in this Court. Allstate is without sufficient information to form a belief about the truth of the remaining allegations in paragraph 3.2 and therefore denies them.

### IV.   FACTS

4.1   Paragraph 4.1 of the Complaint does not contain any allegations of fact and, therefore, does not require a response. To the extent a response is required, Allstate incorporates its prior responses herein.

4.2   Allstate admits that on October 11, 2018, the Plaintiff tendered a claim to Allstate for property damage at The Property. Allstate also admits that Plaintiff requested copies of all policies issued to the Association and asked Allstate to investigate, identify and pay for repairing damage at The Property covered by The Allstate Policies. Allstate admits that, as part of its investigation of the Association's claim, Allstate retained a professional building envelope consultant to assist with its investigation and assessment of the cause of the

DEFENDANT ALLSTATE INSURANCE
COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 3
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

damage for which the Plaintiff sought coverage. Allstate also admits that a joint intrusive investigation was conducted by Allstate, Plaintiff, and other insurers in April, 2019. Except as admitted herein Allstate denies all other allegations in paragraph 4.2.

4.3   Allstate admits, based upon information and belief, that Plaintiff retained Evolution Architecture after the Plaintiff had originally retained a different building envelope consultant to assist the Association to assist in the investigation of its claim. Allstate also admits that Evolution Architecture attended the April, 2019 intrusive inspection and that Evolution Architecture authored a report dated July 1, 2019. The report, including observations and conclusions, speaks for itself. Allstate denies the accuracy of Evolution Architecture's conclusions. Allstate admits that inadequate construction, maintenance, and repairs caused the claimed damage at The Property, along with wear and tear. Allstate admits that all of these causes of damage are excluded under The Allstate Policies. Allstate denies that damage has been occurring incrementally and progressively since the end of construction. Allstate denies that the damage discovered during the intrusive investigation or that the claimed damage is covered under The Allstate Policies. Allstate admits that claimed cost estimate prepared by Charter Construction exceeds $75,000. Except as admitted herein, Allstate denies all other allegations in paragraph 4.3.

4.4   Allstate admits that it denied coverage for the Plaintiff's claim by letter dated January 22, 2020, and that the letter speaks for itself. Allstate admits that on or about February 14, 2020, the Plaintiff transmitted a letter purporting to request relief pursuant to the Washington Insurance Fair Conduct Act, and that the letter speaks for itself. Allstate further admits that it timely responded to that letter on March 4, 2020, and that Allstate's response speaks for itself. Allstate admits that it conducted a reasonable investigation and adjustment

DEFENDANT ALLSTATE INSURANCE
COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 4
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

of the Plaintiff's claim. Allstate denies plaintiff's characterizations of The Allstate Policies and Allstate's investigation and activities and plaintiff's inaccurate mischaracterizations of law. Except as admitted herein Allstate denies all other allegations in paragraph 4.4.

## V.   FIRST CLAIM AGAINST THE ALLSTATE INSURERS FOR DECLARATORY RELIEF THAT THE ALLSTATE POLICIES PROVIDE COVERAGE

5.1   Paragraph 5.1 does not contain allegations requiring a response. To the extent a response is required, Allstate incorporates its prior responses herein.

5.2   Allstate admits that a controversy exists whether The Allstate Policies provide coverage for any alleged damage that is the subject of the Plaintiff's October 11, 2018 tender or the claims that Plaintiff now attempts to assert. Allstate denies all remaining allegations in paragraph 5.2.

(A) – (D)   The terms and conditions of The Allstate Policies are expressly stated in those policies and speak for themselves. Based on information to date, Allstate denies that any damage at The Property is covered under The Allstate Policies. Except as admitted herein Allstate denies all other allegations in paragraphs 5.2(A) – (D).

## VI.   SECOND CLAIM AGAINST THE ALLSTATE FOR BREACH OF CONTRACT

6.1   Paragraph 6.1 does not contain allegations requiring a response. To the extent a response is required, Allstate incorporates its prior responses herein.

6.2   Allstate admits that it conducted a reasonable investigation of the Plaintiff's claim and that it paid for Allstate's investigation of the claim. Allstate denies all other allegations in paragraph 6.2 of the Complaint because there is no damage at The Property that is covered by The Allstate Policies.

6.3   Allstate denies the allegations in paragraph 6.3 of the Complaint.

DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 5
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

6.4     Allstate denies the allegations in paragraph 6.4 of the Complaint.

6.5     Allstate denies the allegations in paragraph 6.5 of the Complaint.

### VII.    THIRD CLAIM AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1     Paragraph 7.1 does not contain allegations requiring a response. To the extent a response is required, Allstate incorporates its prior responses herein.

7.2     Paragraph 7.2 does not contain allegations of fact requiring a response. To the extent a response is required, Allstate denies the allegations therein to the extent they mischaracterize the applicable law. Allstate alleges that Washington law speaks for itself.

7.3     Allstate admits that it conducted a reasonable investigation and adjustment of the Plaintiff's claims based on The Allstate Policies and the facts available. Allstate denied coverage as to those policy years issued before 1998 because the evidence showed the claimed damage did not occur before 1998, which is a necessary pre-requisite for coverage under Customizer policies. Allstate also admits that it determined that the collapse coverage available under The Allstate Policies did not apply. Allstate admits that it also denied coverage because the cause of damage was excluded under The Allstate Policies. Allstate admits that it also denied coverage because of Plaintiff's late notice and Plaintiff's failure to protect The Property, which violated The Allstate Policies and caused actual and substantial prejudice to Allstate. Except as admitted herein Allstate denies all other allegations in paragraph 7.3.

7.4     Allstate conducted a reasonable investigation, adjustment, and evaluation as explained in Allstate's January 22, 2020, letter, as well as its March 4, 2020 letter regarding the Plaintiff's notice pursuant to the Washington IFCA statute. Allstate also admits it performed a reasonable coverage evaluation and provided Plaintiff with a reasonable explanation for its coverage denial. Plaintiff knew of water damage to the Property more than 19 years since it knew of damage from water intrusion at the Property and at least seven

DEFENDANT ALLSTATE INSURANCE
COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 6
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

years since the expiration of The Allstate Policies before notifying Allstate of a claim. Allstate denies the remaining allegations in paragraph 7.4 of the Complaint.

    7.5    Allstate denies the allegations in paragraph 7.5 of the Complaint.

    7.6    Allstate denies the allegations in paragraph 7.6 of the Complaint.

### VIII.   FOURTH CLAIM AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

    8.1    Paragraph 8.1 does not contain allegations requiring a response. To the extent a response is required, Allstate incorporates its prior responses herein.

    8.2    Paragraph 8.2 contains inaccurate legal conclusions and mischaracterizations of Washington law, The Allstate Policies, and Allstate's investigation and activities. Allstate admits that it conducted a reasonable investigation and adjustment of the Plaintiff's claim. Allstate admits that the Plaintiff, in certain circumstances, could be a "consumer" as defined by the Washington Administrative Code and Consumer Protection Act. Except as admitted herein Allstate denies all other allegations in paragraph 8.2.

### IX.   FIFTH CLAIM AGAINST ALLSTATE FOR IFCA VIOLATIONS

    9.1    Paragraph 9.1 does not contain allegations requiring a response. To the extent a response is required, Allstate incorporates its prior responses herein.

    9.2    Allstate admits that it received a notice dated February 14, 2020 pursuant to the Insurance Fair Claim Act (IFCA) from the Plaintiff. Allstate also admits that it timely responded to that notice via a letter to the Plaintiff dated March 4, 2020. Except as admitted herein Allstate denies all other allegations in paragraph 9.2.

    9.3    Allstate denies the allegations in paragraph 9.3.

### X.   PRAYER FOR RELIEF

    10.1 – 10.6    Allstate denies that the Plaintiffs, or any of them, are entitled to relief from Allstate, as requested in paragraphs 101.1 through 10.6 of the Complaint, or at all.

DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT (Cause No. 2:20-cv-00375-BJP) – 7
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## XI. DEMAND FOR JURY TRIAL

11.1 Paragraph 11.1 does not contain allegations requiring a response. To the extent it requires a response, Allstate also demands trial by jury of all issues so triable.

### **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to satisfy one or more of the conditions precedent to coverage under The Allstate Policies, and as a result, Plaintiff's claims are barred in whole or in part.

3. Some or all of Plaintiff's claims are barred, in whole or in part, by the terms, conditions, definitions, exclusions, limitations, endorsements and other provisions of The Allstate Policies.

4. The Allstate Policies require Plaintiff to cooperate fully with Allstate in the investigation and settlement of a claim. Some or all of Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to fulfill its obligation to cooperate with Allstate's investigation.

5. Coverage under The Allstate Policies is barred to the extent that the alleged losses do not constitute "damage" within the meaning of The Allstate Policies.

6. Plaintiff's claims may be barred by the doctrines of waiver, laches, and/or estoppel.

7. Plaintiff's recovery may be barred, in whole or in part, because The Allstate Policies exclude any loss Plaintiff may have suffered.

8. Plaintiff's Complaint, or portions thereof, is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff provided late Notice of Loss to Allstate, thus prejudicing Allstate's ability to properly and thoroughly investigate and determine coverage and/or assess damages.

DEFENDANT ALLSTATE INSURANCE
COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 8
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

9. Plaintiff's Complaint, or portions thereof, is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff's claims are untimely under law (including, but not limited to, applicable statutes of limitation and statutes or repose) or terms of the contract (including, but not limited to, the contractual suit-limitation provision or any other contractual suit-limitation provision in The Allstate Policies).

10. Plaintiff's Complaint, or portions thereof, is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff failed to fulfill its obligations under The Allstate Policies to: (a) maintain The Property; (b) act with due diligence with respect to effecting repair/replacement of alleged loss or damage involving The Property; and/or (c) mitigate its loss or damages, such that these failures caused the claimed damage or the worsening of any damage.

11. Plaintiff's Complaint, or portions thereof, is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff's loss or damage, and any and all damages, occurred at a time when The Allstate Policies were not in force and effect.

12. Plaintiff's Complaint, or portions thereof, is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff's alleged loss or damage was a "loss in progress" at the time one or more of The Allstate Policies incepted and/or was in force and effect.

13. Plaintiff's Complaint, or portions thereof, is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff seeks damages in excess of any amounts recoverable under any applicable legal or equitable doctrine(s) or to the extent that Plaintiff would be unjustly enriched or potentially secure a "double recovery" from Allstate, and/or any other third party, including any other insurer, who covers or makes payment to Plaintiff for the same loss/damage alleged in Plaintiff's Complaint against Allstate.

14. Plaintiff's recovery against Allstate, if any be allowed, is limited and subject to offset to the extent that Plaintiff is entitled to or secures a recovery for any of its claimed

DEFENDANT ALLSTATE INSURANCE
COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 9
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

losses or damages from any other source, including, but not limited to, any other insurer, who covers or makes payment to Plaintiff for the same loss/damage alleged in Plaintiff's Complaint against Allstate.

15. Plaintiff's Complaint, or portions thereof, is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff cannot make a *prima facie* case or fails to meet its burden of proving facts, circumstances, and/or coverages, and/or any relevant particulars upon which Plaintiff bears the initial burden of proof that must be met before any such burden can shift to Allstate.

16. Plaintiff failed to fulfill its own statutory obligations regarding records retention, maintenance, and Plaintiff's decision-making and documentation thereof. Plaintiff's failure to do so has prejudiced Allstate's ability to investigate Plaintiff's claim.

17. Plaintiff's Complaint, or portions thereof, as well as Plaintiff's claim is/are barred and/or Plaintiff's remedies are limited to the extent that Plaintiff's alleged loss lacked fortuity and/or was a known loss at the time The Allstate Policies incepted.

18. Based upon additional investigation, further affirmative defenses may become apparent, and Allstate reserves its right to amend this Answer as appropriate. Allstate preserves, and does not waive, any of the affirmative defenses set forth in the Federal Rules of Civil Procedure, or any other matter constituting an avoidance or affirmative defense, as discovery may reveal to be applicable.

## JURY DEMAND

Defendant Allstate demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Having thus stated its Answer and Affirmative Defenses, Allstate prays for Judgment as follows:

1. That Plaintiff take nothing from its Complaint.

2. That Plaintiff's Complaint is dismissed with prejudice.

DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT (Cause No. 2:20-cv-00375-BJP) – 10
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

3. That Allstate be awarded its attorneys' fees, costs, and disbursements to the extent allowed by law.

4. Such other and further relief as the Court may find appropriate under the facts and circumstances of this case.

DATED this 12TH day of June, 2020.

WILSON SMITH COCHRAN DICKERSON

By: *s/ Richard G. Gawlowski*
Alfred E. Donohue, WSBA #32774
Richard G. Gawlowski, WSBA No. 19713
Brian Buron, WSBA #27206
901 Fifth Avenue, Suite 1700
Seattle, WA 98164
Phone: (206) 623-4100
Email: donohue@wscd.com;
gawlowski@wscd.com; buron@wscd.com

DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 11
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# CERTIFICATE OF SERVICE

The undersigned certifies that under penalty of perjury under the laws of the State of Washington that on the below date I caused to be served the foregoing document on:

**Attorney for Plaintiff**
Daniel Stein
Stein, Sudweeks & Stein
2701 1st Avenue, Suite 430
Seattle, WA 98121
(  ) Via U.S. Mail
(  ) Via Facsimile
(  ) Via Hand Delivery
(  ) Via Email: dstein@condodefects.com
( x ) Via CM/ECF

**Attorney for Plaintiff**
Justin D. Sudweeks
Stein, Sudweeks & Stein
2701 1st Avenue, Suite 430
Seattle, WA 98121
(  ) Via U.S. Mail
(  ) Via Facsimile: 206-286-2660
(  ) Via Hand Delivery
(  ) Via Email: jsudweeks@condodefects.com; Kirsten@condodefects.com
( x ) Via CM/ECF

**Attorney for Plaintiff**
Jerry H. Stein
Stein, Sudweeks & Stein
2701 1st Ave., Suite 430
Seattle WA 98121
(  ) Via U.S. Mail
(  ) Via Facsimile: 206-286-2660
(  ) Via Hand Delivery
(  ) Via Email: JStein@condodefects.com
( x ) Via CM/ECF

**Attorney for Plaintiff**
Jessica R. Burns
Stein, Sudweeks & Stein
2701 First Avenue, Suite 430
Seattle, WA 98121
(  ) Via U.S. Mail
(  ) Via Facsimile: 206-286-2660
(  ) Via Hand Delivery
(  ) Via Email: Jessica@condodefects.com
( x ) Via CM/ECF

**Attorney for Plaintiff**
Colin Crug
Stein, Sudweeks & Stein
2701 First Avenue, Suite 430
Seattle, WA 98121
(  ) Via U.S. Mail
(  ) Via Facsimile: 206-286-2660
(  ) Via Hand Delivery
(  ) Via Email: colin@condodefects.com
( x ) Via CM/ECF

**SIGNED** this 12th day of June, 2020, at Seattle, Washington.

*s/ Alicia Ossenkop*
Alicia Ossenkop

DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT
(Cause No. 2:20-cv-00375-BJP) – 12
bb/BB6513.105/3530928x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273